**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | **CASE NO.  5:05CR408** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Judge Peter C. Economus** |
| ) | |
| **DEREK L. STEVENS,** ) | |
| ) | |
| **Defendant.** ) | **ORDER** |

On February 23, 2006, Derek L. Stevens ("Defendant") was sentenced to thirty-three (33) months imprisonment, followed by two (2) years of supervised release, for one count of counterfeiting.  His supervised release commenced on February 4, 2009.

The U.S. Pretrial Services and Probation Office issued a violation report on June 26, 2009, which stated the following violations of supervised release:

1. **New Law Violation -** On June 23, 2009, Mr. Stevens was arrested by the Tuscarawas County Sheriff's Office for Receiving Stolen Property (F5); Case No. :09-06393. A preliminary hearing is scheduled for July2, 2009. The offender is currently being held at Tuscarawas County Jail in New Philadelphia, Ohio.

2. **New Law Violation** - On June 8, 2009, Mr. Stevens was arrested by the Jackson Police Department for Theft (M1). Case No.: 2009 CRB 01207. The pre-trial hearing is scheduled for July 7, 2009 at 8:00 a.m.

3. **Associating with Known Felon Without Permission of the Probation Officer** - On June 23, 2009, the offender when interviewed by the Tuscarawas County Sheriff's office admitted to be associating with James Wrana, who has been previously convicted [of] a felony. Mr. Stevens did not have permission to associate with Mr. Wrana.

4. **Failure to notify the U.S. Probation Office of Law Enforcement Contact:** The offender has failed to notify the U.S. Probation Office of his new arrests to date.

5. **Failure to Report for Drug Testing** - Mr. Stevens failed to report for random drug testing at Quest Recovery and Prevention Services as requested by his counselor on 05/11/2009, 05/18/2009, 06/03/2009, and 06/15/2009.

6. **Failure to Report for Mental Health Assessment** - Mr. Stevens failed to report for his Initial Intake Assessment scheduled with Community Mental Healthcare on April 22, 2009.

7. **Failure to Notify the Probation Officer of Change of Residence or Employment** - Mr. Stevens failed to notify his probation officer ten days prior to change in residence and employment. On May 27, 2009, during an attempted employment visit, Mr. Stevens reported he was no longer employed. On June 23, 2009, Mr. Stevens was reported to be residing at the Friends of the Homeless shelter in new Philadelphia, Ohio.

The matter was referred to Magistrate Judge James S. Gallas to conduct the appropriate proceedings, except for sentencing. At a combined detention hearing and preliminary examination before Magistrate Judge Gallas on July 8, 2009, the Defendant did not admit to the violations. The Magistrate Judge found probable cause to believe that the Defendant had committed the seven listed violations.

On July 31, 2009, the Court held a hearing regarding the alleged violations. The Defendant was represented by Attorney Darrin Thompson. The United States was represented at the hearing by Assistant United States Attorney David Toepfer.

At the hearing, Defendant admitted to violations 3 through 7, as listed in the violation report submitted by U.S. Probation. Therefore, the Court finds that the Defendant has violated the terms of his supervised release. Because violation number 5 involves a refusal to comply with drug testing, pursuant to 18 U.S.C. § 3583(g)(3), the court must revoke the term of supervised release and require the defendant to serve a term of imprisonment, subject to the exception listed in 18 U.S.C. § 3583(d).

The Court has considered the statutory maximum sentence of two years pursuant to

18 U.S.C. § 3583(e)(3). The Court also has considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 8-14 months pursuant to U.S.S.G. § 7B1.4(a). The Court further has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is revoked. The Defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a period of twelve (12) months, followed by twelve (12) months supervised release. No action need be taken as to the Magistrate Judge's Report and Recommendation.

**IT IS SO ORDERED.**

 **/s/ Peter C. Economus - August 3, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**